Michael **NATOLI**, an infant, by Lorraine Natoli, Next Friend, and Albert Natoli, Plaintiffs-Appellants,

v.

John A. **JOHNSON** and Virginia Johnson, Defendants-Respondents.

No. 34506.

Missouri Court of Appeals, St. Louis District.

Jan. 9, 1973.

David C. Godfrey, Clayton, for plaintiffs-appellants.

Wilburn A. Duncan, Anthony F. Vaiana, Clayton, for defendants-respondents.

PER CURIAM.

At the conclusion of the opening statement to the jury by plaintiffs' counsel, the court directed a verdict for defendants. We reverse and remand.

Plaintiffs were a young boy, Michael, and his father. Michael sued for damages for personal injuries and his father for Michael's medical and hospital expenses. The petition in two counts alleged that on April 22, 1968, Michael was on an enclosed back porch belonging to defendants where an open can contained a highly inflammable and explosive liquid at which time an explosion and fire occurred and plaintiff Michael suffered third degree burns to 40 to 45 percent of his body. The premises and contents were alleged to be under the sole management and control of defendants.

Plaintiffs' counsel in his opening statement declared he anticipated the evidence would show that Michael, then 6½ years old, frequently played with defendants' son of about the same age. Defendants' house included a glass-enclosed porch on which they had two sofas, a chifforobe, a table, and chairs. Michael had previously been on the porch with permission of defendants. On the day of the fire, with permission of his mother, Michael walked to defendants' home to play with their son. He entered the outside door which had no lock on it. The defendants were not at home and the interior door to the kitchen was locked. Mr. Johnson had cleaned some paint brushes in a can partly filled with white gasoline and had left the can open and exposed on top of the chifforobe. Counsel detailed the construction of the porch with exposed glass, the fact that it had been weather stripped with no ventilation. He commented on the exterior temperature the day of the fire and explosion.

When Michael travelled across the street and got near the house, his mother's attention was diverted by the telephone. She next saw him in Johnson's yard enveloped in flames. With the help of neighbors, she put out the flames and Michael was then taken to the hospital.

After the fire, the gasoline can was found on the floor empty. A moveable barbecue grill was about three feet from the empty can. Alongside the barbecue grill in addition to the empty can, were paint brushes and a book of matches with at least one spent matchstick found by Mrs. Johnson. The house did not burn but the porch roof above the barbecue grill and the two sofas were damaged.

Counsel for plaintiffs advised that a witness from a testing laboratory would testify as to the cause of the fire; the volatility of gasoline and its dangerous qualities.

Defendants' counsel then moved for a directed verdict because the opening statement did not disclose what the evidence would be as to the cause of the fire. The court considered the motion and granted it, stating that no person, even a 6½ year old child, had a right to go into someone else's house unless invited.

■ On appeal we are first confronted with a motion to dismiss the appeal because of failure to comply with Rule 84.04(a) (3) and (d), V.A.M.R. for the reason that appellants' brief failed to state "wherein and why" the rulings of the court sought to be reviewed are claimed to be erroneous. We agree that the brief is defective in the respects claimed but because of the infancy of the plaintiff, Michael Natoli, and our conviction that the interests of justice require otherwise, we overrule the motion and consider the appeal on its merits. Rule 84.08, V.A.M.R.

■ The direction of a verdict in favor of the defendants on plaintiffs' opening statement may be justified in two situations: (1) when an admission is made by counsel which affirmatively demonstrates as a matter of law that plaintiff has no cause of action or is not entitled to recourse; (2) when facts are recited in counsel's statement which would not be sufficient as a matter of law to make a submissible case when those facts are established by evidence and further, counsel admits he has stated all the material facts, Brissette v. Milner Chevrolet Company, Mo.App., 479 S.W.2d 176, 179 [1]. But mere insufficiency of facts in the opening statement to present a submissible case, is not of itself, standing alone, sufficient justification to direct a verdict. Counsel must be given an opportunity to correct or add to his opening statement after the motion for directed verdict has been made. The trial court should always ascertain definitely if the opening statement as made has embraced the entire anticipated proof. Hays v. Missouri Pac. R. Co., Mo., 304 S. W.2d 800, 804 [4, 5].

■ Here, there was no admission made by counsel which as a matter of law would entitle defendant to a directed verdict. The court seized upon the theory that infant plaintiff was a trespasser. However, a person going upon another's premises to make a social call is not a trespasser but rather is at least a licensee. Wolfson v. Chelist, Mo.App., 278 S.W.2d 39, 46 [13], affirmed Mo., 284 S.W.2d 447 [4]. And in a situation where a possessor of land uses, maintains or handles an extremely dangerous, volatile liquid with a low flash point which is easily exploded, he is charged with the duty to exercise the care that a reasonably careful person would exercise under the same or similar circumstances, especially to children and those of immature judgment, irrespective of whether the other person on the land subject to danger has the status of a trespasser or licensee, Paisley v. Liebowits, Mo., 347 S.W.2d 178, 182 [2, 5].

As to whether the facts outlined were insufficient to make a submissible case, we are admonished that mere insufficiency of the opening statement is not of itself, standing alone, cause for directing the verdict. Such action should be taken only after it affirmatively appears that plaintiff's case has been fully stated. Counsel should be afforded an opportunity, after motion for directed verdict has been made, to correct or add to his statement. "The trial court should always ascertain definitely if the opening statement as made embraces the entire anticipated proof." Hays v. Missouri Pac. R. Co., supra, Mo., 304 S.W.2d 800, 805[5]. This, the trial court failed to do.

■ Without considering the sufficiency of the statement here made, the trial court failed to ascertain whether the opening statement contained the entire anticipated proof and proceeded to direct a

verdict. For this reason, we cannot sustain the court's dismissal based on the failure of the outlined facts to make a submissible case.

The case is reversed and remanded for a new trial.

All concur.