**CITY OF JENNINGS,**
**Plaintiff-Appellant,**

v.

**Barbara TURNER,**
**Defendant-Respondent.**

**No. 39232.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 10, 1979.

Lloyd E. Eaker, Clayton, for plaintiff-appellant.

Donald L. Wolff, Paul J. Passanante, Clayton, for defendant-respondent.

STEPHAN, Presiding Judge.

The City of Jennings (hereinafter city) appeals from an order of the trial court declaring the city's Ordinance No. 1158 unconstitutional and dismissing the city's petition for injunctive relief and damages. We dismiss the appeal.

On November 22, 1976, the city filed a petition alleging that defendants, Carol Ann Schneider[1] and Beverly D. Hinchcliff, were operators of massage establishments in the City of Jennings. The petition further stated that the city had in force and effect several ordinances regulating the operation of massage parlors, to wit, Ordinances No. 1117, 1122 and 1158, which required operators to obtain special permits and pay license fees. The petition further alleged that defendants had not applied for permits nor paid the license fees. The city sought to enjoin the defendants from operating their parlors until such time as they complied with the ordinances. Further, the city sought to collect damages in the amount of the licensing fees which were allegedly due.

The cause was submitted to the trial court on the pleadings, briefs and arguments of counsel. In its Findings, Order and Decree, the trial court declared paragraph 790.100 of Ordinance No. 1158 void

---

1. On December 30, 1976, the court sustained an order to substitute Barbara Turner for Carol Ann Schneider.

and unconstitutional as a violation of the Equal Protection Clause of the United States Constitution and Article I, Section 2 of the Missouri Constitution and then dismissed the petition.

Appellant's sole point relied on reads as follows:

"The court committed error in not entering a judgment in favor of the appellant because the law showed that Bill No. 1186, Ordinance No. 1158, Paragraph 790.100 did not violate the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution or Article I, Section 2 of the Missouri Constitution."

Initially, we must note that appellant's sole point fails to meet the requirements of Rule 84.04(d) which mandates, in part:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous . . .

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule."

Appellant's point states nothing more than the legal conclusion that "the law showed" that the ordinance was constitutional. As such, the appellant has failed to comply with the portion of Rule 84.04(d) quoted above. *See Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). *See generally* Fairbank and Weier, "Why Write a Defective Brief?—Give Your Client a Chance on Appeal", 33 J.Mo.B. 79 (1977).

Even if we were to overlook this non-compliance and search the argument section of appellant's brief so as to construct the constitutional issue which the city attempts to raise, we could not decide this issue because the transcript is grossly inadequate.

None of the ordinances referred to in the petition is set forth in the transcript. We cannot judicially notice municipal ordinances, nor can we consider any matters not included in the approved transcript. *State ex rel. Freeze v. City of Cape Girardeau*, 523 S.W.2d 123, 127 (Mo.App.1975). All of the ordinances were attached to the petition as exhibits (but not reproduced in the transcript approved by counsel) and the city has included a copy of Ordinance No. 1158 as an appendix to its brief. Even if we were to hold this to be an acceptable method of bringing the ordinance before this court, we would still be seriously hampered in our review efforts for the reason that we have no access whatsoever to Ordinances No. 1117 and 1122. According to the petition, these ordinances continued in effect after the enactment of 1158 and also provided for the licensing and regulation of massage establishments. Indeed, the portion of the prayer in each count which seeks a money judgment appears to have been computed on the basis of the annual $750 licensing fee required by Ordinance No. 1117. Under such circumstances, it would be inappropriate for us to attempt to review one ordinance out of the context of related enactments. Cf. *Purdy v. Foreman*, 547 S.W.2d 889, 891–892 (Mo.App.1977).

Finally, in examining the transcript we have noticed a reference to a "First Amended Petition for Injunctive Relief, Declaratory Judgment and For Damages." The transcript before us contains no such document, only a "Petition for Injunctive Relief and for Damages." It may be that the petition in the transcript is an abandoned pleading included contrary to the directive of Rule 81.14(b); it may be that the reference to a "First Amended Petition" is simply a clerical error. This court should not be required to conduct an investigation to determine which hypothesis is correct.

We are cognizant of the principle that whenever possible we should review a case on the merits. *State ex rel. State Highway Commission v. Hill*, 373 S.W.2d 666, 668[1, 2] (Mo.App.1963). However, when we have no adequate record on which to base our review, we have no other choice but to dismiss the appeal. *City of St. Clair v. Cash*, 579 S.W.2d 763 (Mo.App.1979).

Appeal dismissed.

KELLY and STEWART, JJ., concur.