**John C. NEAL, Jr., Plaintiff-Respondent,**

v.

**Mary DRENNAN, et al.,
Defendants-Appellant.**

**No. WD 32099.**

Missouri Court of Appeals,
Western District.

Aug. 3, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 5, 1982.

Application to Transfer Denied Nov. 15, 1982.

Don Chapman, Jr., Chapman and Chapman, P.C., Chillicothe, for defendants-appellants.

Holliday & Holliday, David A. Koester, Harold L. Holliday, Kansas City, for plaintiff-respondent.

Before TURNAGE, P.J., and SHANGLER, PRITCHARD, DIXON, CLARK, NUGENT and LOWENSTEIN, JJ.

DIXON, Judge.

These are cross appeals. Plaintiff John C. Neal, Jr., has appealed from an order dismissing a defendant, L.O. Girdner, prior to trial. Defendant, Mary Drennan, has appealed from a judgment declaring a resulting trust in certain real estate.

The issue on the appeal of John C. Neal, Jr., as to the dismissal of defendant, L.O. Girdner, turns on the effect of a dismissal of a prior action between Neal and Girdner. The issue on the appeal of defendant, Mary Drennan, is the validity of a judgment declaring a resulting trust in real estate against her as a prior titleholder when the present titleholder is not a party.

Prior to a determination of those issues, a preliminary question must be resolved. The case was originally submitted to a division of this court. The division filed an opinion reversing and remanding the cause for a new trial. The divisional opinion tacitly recognized the pendency of the Neal appeal as to the defendant Girdner and further explicitly recognized that the issues were intertwined and of necessity had been briefed by the parties.

On the motion for rehearing, Girdner, for the first time, raised the issue of the viability of the Neal appeal contesting Girdner's dismissal from the case. The motion for rehearing was sustained, and the case was resubmitted to the present panel. After docketing but before argument, Girdner filed a belated motion to dismiss Neal's appeal. This motion must be addressed before turning to the merits of the case.

The motion to dismiss asserts that as an appellant Neal has failed to file either record on appeal or brief and, so the motion claims, has abandoned the appeal. The record on appeal is complete and sufficient for the consideration of both appeals. The briefs have addressed the substantive issues raised on both appeals. There has been no abandonment of the issue of the validity of the trial court order dismissing as to Gird-

ner. In fact, two of the points contained in the brief of Mary Drennan assert the validity of the order dismissing Girdner from the case.

▮▮▮▮ The court *may* dismiss an appeal for violation of the rules or take such other action as justice requires. Rule 84.08. The court frequently does not dismiss such appeals but as a matter of discretion undertakes review on the merits despite rule violations. This discretion arises from the principle that the law favors a disposition on the merits and the common sense view that the litigants should not be punished for the dereliction of lawyers. *City of Jennings v. Turner,* 585 S.W.2d 210 (Mo.App.1979). When as is the case here, the court's disposition of the merits of the litigation is not hampered by the rules violations, the discretion will be exercised to permit a review on the merits. *Natoli v. Johnson,* 490 S.W.2d 275 (Mo.App.1973). The motion to dismiss the appeal of Neal is overruled.

It is unnecessary to recite at length the complex fact situation. Only so much as is necessary to explicate the issues will be stated.

Neal was involved in a divorce dispute which had culminated in a decree giving his ex-wife a 40% interest in the land in question. There was also a judgment for support of three children. The ex-wife was threatening execution sale and the mortgage holder Girdner had threatened foreclosure. Girdner, Neal, and Neal's ex-wife met and, with the assistance of a lawyer, agreed to a modification of the divorce decree. Girdner paid $28,500 to the wife for a release of the 40% lien, and the child support was also decreased and the amount past due on child support released. Deeds to the several parcels of land were executed by Neal and his ex-wife to the defendant, Mary Drennan, who is single and Girdner's sister. These deeds were delivered to Girdner when he paid the funds to the wife and also paid a substantial amount of court costs.

These deeds conveyed a number of parcels of real estate. Thereafter, and at vari-

ous dates in 1975 and in January, 1976, Mary Drennan conveyed to third parties some of these parcels of land by warranty deeds. The land conveyed by these deeds was not included in the judgment in this action. On March 3, 1975, Mary Drennan conveyed to Girdner by a quitclaim deed some acreage and lots. On March 12, 1976, Mary Drennan conveyed by General Warranty Deed other acreages to Girdner. These latter deeds transferred to Girdner the remainder of the land conveyed by John C. Neal and his former wife to Mary Drennan. It is the land described in these deeds which is included in the trial court's judgment. This was the only land claimed in the second amended petition to be subject to claim by John Neal. The second amended petition against Mary Drennan and Girdner as defendants alleged the March 12, 1976, deed to Girdner and requested that this deed be set aside and a resulting trust be declared vesting title in the plaintiff.

The defendant Girdner filed a motion to dismiss, setting up as a plea of res judicata two separate actions: first, a suit by John C. Neal v. L.O. Girdner in the Circuit Court of Livingston County, and second, an unlawful detainer suit by Mary Drennan v. John C. Neal in the Magistrate Court of Livingston County.

The trial court first overruled the motion and subsequently reversed that order and sustained the motion. These motions were heard by Judge Stubbs, the regular judge of the circuit. An abortive appeal of this order then ensued, culminating in a dismissal of the appeal.

The cause then went to trial before Judge Ronald Belt sitting as a special judge in Livingston County in May of 1980.

The court entered its judgment that a resulting trust be decreed in the tracts described in the two deeds from Mary Drennan to Girdner and directed her to make a conveyance of them to John C. Neal within thirty days. Upon failure to do so, the decree was to "have the effect and operation at law, and in equity, of such a conveyance and shall vest in plaintiff all title to said real property." The decree also "en-

joined Mary Drennan and all persons claiming under her except plaintiff from asserting any estate, right, title, or interest in the real estate." The decree further directed the defendant, Mary Drennan, to make an accounting within 90 days of all the income she received "during the period of time she held said property."

The parties do not press the issue with respect to the magistrate court unlawful detainer action. The default judgment in favor of the plaintiff Mary Drennan in that action will not be further considered. It is sufficient to say that such an action could not have tried title between the parties. *Barber v. Todd,* 128 S.W.2d 290 (Mo. App.1939).

The action brought by John C. Neal against Girdner is the litigation upon which the parties have focused. In that suit, Neal asserted that Girdner had record title to the real estate in question which was obtained by fraud. A motion to make the petition more definite and certain was sustained, and the plaintiff Neal failed to plead. On motion of the defendant Girdner, the action was dismissed with prejudice.

Mary Drennan argues the judgment in the case was res judicata or that it collaterally estopped Neal and thus left no issues between Mary Drennan and Neal. This position is consistent with the position of Girdner in supporting the trial court order of dismissal. John Neal asserts that the dismissal was not res judicata nor did it collaterally estop Neal which is a position consistent with the theory of Neal's cross appeal.

The parties have not briefed or even mentioned the effect of the dismissal under Rule 67.03.

A dismissal with prejudice for failure to make more definite and certain bars the reassertion of the same claim or cause of action against the same party. Rule 67.03. The claim or cause of action in the prior suit was directed to deeds from the plaintiff Neal alone to the defendant L.O. Girdner. The allegation is that the deeds were executed and delivered to the *defendant before*

*the divorce of the plaintiff.* That is not the same claim or cause of action as in the instant case which pleads deeds executed and delivered by the plaintiff Neal and his ex-wife *after the divorce* to a different party, Mary Drennan.

■ For all that appears from the pleading in the prior action, it might be an assertion of an entirely different cause of action based on a different transaction, pleading as it does deeds by *Neal* alone *before* his divorce and utterly failing to mention Mary Drennan. Thus, the present action is not precluded by the language of Rule 67.03.

Rule 67.03 was amended to comply with the holding in *Denny v. Mathieu,* 452 S.W.2d 114 (Mo. banc 1970), Committee Note 1974, Rule 67.03. Prior to *Denny v. Mathieu,* the rule read that "a dismissal with prejudice operates as an adjudication on the merits." *Denny v. Mathieu* expressly held to the contrary, and the rule was amended to conform to that decision. Conformable to that decision and the present rule, there is no adjudication on the merits in the prior action brought by Neal against Girdner.

■ Mary Drennan, contrary to that explicit authority, asserts that the determination was "on the merits" in the prior suit. That assertion is unsound and without such an adjudication on the merits, neither res judicata nor collateral estoppel can exist. *In re Estate of Laspy,* 409 S.W.2d 725 (Mo. App.1966).

The motion of Girdner for dismissal under the concept of a prior binding adjudication should have been denied.

Turning to the appeal of Mary Drennan, what has been stated with respect to the res judicata or collateral estoppel issue determines two of the issues briefed. Mary Drennan has argued in two points that the issue as to her was moot since there was no res or subject matter upon which the judgment could operate because Girdner was dismissed from the case. Without consideration of the merits of the issue presented as to mootness or lack of a res or subject matter the argument fails because the predicate for the argument has been demonstrated to be fallacious. Unless the Girdner dismissal was proper, the foundation for the argument is lacking.

■ Mary Drennan also asserted on the original appeal that there was insufficient evidence to permit a finding of a resulting trust. The nub of Mary Drennan's argument rests on the assertion by her that a resulting trust cannot arise from a deed absolute on its face which expresses a consideration. At the oral argument, counsel for Mary Drennan asserted that no Missouri case could be found which declared a resulting trust in such circumstances. Two Missouri cases with remarkably analagous facts are to the contrary. In *James v. James,* 248 S.W.2d 623 (Mo.1952), a wife by absolute conveyance, expressing a consideration, conveyed to a straw party. The straw party later conveyed to the wife's husband. The court held a resulting trust arose in favor of the wife. In *Dougherty v. Duckworth,* 388 S.W.2d 870 (Mo.1965), an absolute deed with consideration was in the circumstances declared to give rise to a resulting trust. *Duckworth, supra,* in footnote 1, page 872, points out that the rights are to be determined at the time the deed is taken.

Mary Drennan has raised other issues relating to the admission of evidence but they need not be reached or considered in view of the disposition to be made in the case.

As previously noted, the dismissal of Girdner as a defendant in the case was improper.

■ This creates a fatal procedural defect in the judgment against Mary Drennan which requires the reversal of that judgment. The failure to join an indispensable party to litigation is so fundamental and jurisdictional as to require its consideration by this court whether raised by the parties or not. *Riley v. Riley,* 603 S.W.2d 32 (Mo. App.1980). There can be no doubt that Girdner was a necessary party to the litigation. *Riley v. Riley, supra; Polette v. Williams,* 456 S.W.2d 328 (Mo.1970). These cases elucidate the principle that an indis-

pensable party question arises when one who is not joined would have the right to relitigate the question. The basic issue in this litigation is the title to the real estate. When title to real estate is in question, all claimants of record title are indispensable parties. *Pollette, supra.*

It makes no difference in this case that although originally a party Girdner was dismissed before trial. Whether never a party or dismissed as a party before trial, he could not be held to the judgment entered by the trial court. The decree of the trial court would certainly not set at rest the fundamental question involved in this case, that is, the title to the disputed land. Girdner is presently a record titleholder of that land and is an indispensable party to a determination of the title question.

No intimation is made with respect to the other contentions of Mary Drennan concerning her right to a judgment because of her passive role as a straw party in these transactions. Upon a retrial of the issues with Girdner as a party, the evidence may cast the issues in a different light. It will be for the trial court upon the basis of that further proceeding to determine those issues.

The judgment is reversed and the cause is remanded to the trial court with directions to set aside the order dismissing as to the defendant Girdner and to undertake a new trial of all of the issues presented as to the defendants Mary Drennan and Girdner.

All concur.