Theodore SPELLERBERG, Appellant,

v.

Robert H. HUHN and Mary J. Huhn, his wife, Respondents.

No. 47150.

Missouri Court of Appeals, Eastern District, Division Six.

June 26, 1984.

---

Michael P. Riley, Jefferson City, for appellant.

Lowell McCuskey, Linn, for respondents.

CLEMENS, Senior Judge.

Appellant-grantor Theodore Spellerberg appeals the denial of a life estate in a declaratory judgment action. We reverse and remand.

Appellant, along with his brothers Herman, Henry, and Lawrence Spellerberg, as part of a settlement in a prior partition suit entered into an agreement along with a warranty deed conveying their interests in a 240 acre farm. This agreement provided that the party of the first part agree and covenant that Herman Spellerberg, Henry Spellerberg, Theodore Spellerberg, and Lawrence Spellerberg could live and reside on the aforesaid real estate for as long as each shall live. Appellant resided on the land for approximately two years after the agreement was executed. He subsequently moved and when several years later he cut some cedars for lumber was notified he had no right to cut wood on the property. After a trial for a declaratory judgment, the court ruled for defendant's stating.

> "Plaintiff 'may live and reside' on the land for the rest of his life, is not sufficient under the circumstances to reserve or create in the Plaintiff a 'life estate' interest in the land described in the evidence but rather merely creates a covenant right in the Plaintiff running with the land that he may reside on the land as a tenant. Therefore, Plaintiff has no right to the rents and profits or products of the land, nor does he have a right to even enter upon the property, except as an incident of and as it may relate to his residing thereon."

Appellant petitioned for a declaratory judgment to determine what, if any, interest he had in the subject property, and failed to join as parties his brothers who clearly have or could claim an interest which could be affected by the declaration. Rule 87.04 V.A.M.R. The failure to join an indispensible party to litigation is so fundamental and jurisdictional as to require its consideration by this court whether raised by the parties or not. *Riley v. Riley*, 603 S.W.2d 32 (Mo.App.1980). There can be no doubt appellant's brothers were necessary parties to the litigation. When title to real estate is in question all possible claimants of title are indispensible parties. *Polette v. Williams*, 456 S.W.2d 328 (Mo.1970). While the action in this case was entitled as one for a declaratory judgment, its final effect is that of a quiet title action having a bearing on the common interests in land of other parties. See *Buford, et al. v. Lucy, et al.*, 328 S.W.2d 14, 19 (Mo.1959). Any of the brothers would have the right to relitigate the basic issue concerning their right to a life estate or any other interest in the property. The trial court's decree would certainly not set at rest this fundamental issue. Four different parties are presently record holders of some interest in the subject property and are therefore indispensible parties to a determination of this common interest. To hold otherwise would defeat the very purpose of the joinder rule seeking to avoid the unnecessary relitigation of issues. *Polette v. Williams*, 456 S.W.2d at 333. While Henry Spellerberg claims no interest, his participation in the agreement makes him an indispensible party either as plaintiff or defendant. Since the case must be retried it is not necessary to reach other questions presented on this appeal. We therefore dismiss the appeal and remand the same to the trial court for further proceedings after joinder of the proper parties.

DOWD, C.J., and PUDLOWSKI, J., concur.