**John C. NEAL, Jr., Appellant,**

v.

**Lewis O. GIRDNER, et al.,
Respondents.**

**No. WD 38632.**

Missouri Court of Appeals,
Western District.

March 17, 1987.

Robert L. Shirkey, James M. Slone, Kansas City, for appellant.

Douglas S. Roberts, Chillicothe, for respondents.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

KENNEDY, Presiding Judge.

Plaintiff appeals from a summary judgment in favor of defendants Bonderer, Jones, Hubbard, Nardini and Cramer Farms, Inc., respondents here. Plaintiff's action was for an accounting and, alternatively, to set aside conveyances of several tracts of Livingston County and Caldwell County real estate from himself to defendants Mary Drennan and Lewis O. Girdner; conveyances by them to defendants Bonderer, Jones, and Hubbard respectively; and conveyances by Hubbard to defendant Nardini, and by Nardini to defendant Cram-

er Farms, Inc. (We take it that this is a continuation, with amendments and added parties, of the lawsuit which was before us on appeal in *Neal v. Drennan,* 640 S.W.2d 132 (Mo.App.1982), wherein we dismissed the appeal because of the absence of indispensable parties.) Plaintiff's claims against defendants Drennan .and Girdner as · immediate grantees were separated from the claims against remote grantee · respondents here. The claims against Drennan and Girdner are pending in the trial court and are not involved in this appeal. The trial court made the summary judgment in favor of the remote grantees final for purposes of appeal. Rule 81.06.

The dispositive question in the case is whether these defendants were good-faith purchasers of the real estate for value without actual or constructive notice of plaintiff's equitable claims. If so, they took the land free and clear of plaintiff's equities, if any. *Hatcher v. Hall,* 292 S.W.2d 619, 626 (Mo.App.1956); *Kovacevic v. City of Chicago,* 47 Ill.App.3d 674, 7 Ill.Dec. 819, 822, 365 N.E.2d 104, 107 (1977). *See generally* 92 C.J.S. Vendor & Purchaser § 361 (1955). Plaintiff does not dispute that defendants gave full value of the land. The only real issue is whether a spent and *functus officio* notice of lis pendens in an earlier concluded lawsuit for plaintiff against defendant Girdner gave the defendants-respondents actual or constructive notice of plaintiff's equitable claims. Plaintiff argues the affirmative of that proposition, defendants the negative.

The facts are these, as alleged in plaintiff's petition:

Plaintiff on August 22, 1974 conveyed the tracts of land in question here to Mary Drennan by quit claim deed unqualified on its face. The fact was, according to the allegations of his petition, the conveyance was made by him at the request of defendant Girdner as security for money owed by him to Girdner upon a loan. The oral agreement was that Drennan would sell the land only with plaintiff Neal's agreement and that the proceeds of any such sale would be applied upon Neal's indebtedness to Girdner. Drennan in violation of

the agreement on March 3, 1975, conveyed part of the land directly to Girdner, and conveyed another part to him on March 12, 1976.

In 1975 plaintiff filed in Livingston County a lawsuit entitled Neal v. Girdner, No. 41702, to set aside the conveyances mentioned above and to revest title in himself. Notices of lis pendens were duly filed in Livingston and Caldwell Counties, where the real estate was located. This suit was dismissed with prejudice by the court on June 12, 1975, and plaintiff did not appeal from the judgment.

Subsequently to the dismissal with prejudice, Drennan conveyed various tracts of real estate respectively to the defendants Jones (November 6, 1975), Bonderer (December 22, 1975), and Hubbard (January 2, 1976). As noted, the sales were at arms length for value. Hubbard afterwards conveyed the land he had purchased to defendant Nardini, who in turn conveyed it to defendant Cramer Farms, Inc. for actual or constructive notice to defendants, plaintiff depends altogether upon the notices of lis pendens which were filed in connection with the earlier lawsuit against Girdner which had gone to final, unappealed-from judgment. Did this notice of lis pendens, by its appearance upon the public records in the recorder's offices in Livingston and Caldwell Counties provide the defendants with constructive notice? We hold it did not.

■ Upon the termination of the suit to which the notice of lis pendens referred, the notice lost all legal force and vitality and became, in the Latin phrase, *functus officio*. *Tate v. Sanders*, 245 Mo. 186, 149 S.W. 485, 490 (1912); *Bristow v. Thackston*, 187 Mo. 332, 86 S.W. 94, 98 (1905). *See generally* 51 Am.Jur.2d Lis Pendens § 35 (1970). Its mere presence upon the public records afforded no constructive notice to the defendant purchasers. *Davis v. Hall*, 90 Mo. 659, 3 S.W. 382, 383 (1887); *Herrington v. Herrington*, 27 Mo. 560, 562 (1858).

Did the defendants, though, as plaintiff argues, have actual notice of plaintiff's claim based upon their knowledge of the presence upon the public records of the lis pendens notice, gained from its mention in their attorneys' title opinions to them? On this point, defendants cite the interrogatory answers of defendants Bonderer (purchasers of two of the tracts) and of defendants Jones (purchasers of another of the tracts). The Bonderer answers were as follows:

We were aware that the abstract of title referred to a notice of lis pendens in a case styled "John C. Neal, vs. L.O. Girdner, Case No. 41702," filed in the Circuit Court of Livingston County, Missouri. We were advised by counsel that said litigation had been dismissed with prejudice. This is the only knowledge we had Plaintiff had, in the past, claimed an interest in the said real estate ... The information we had concerning Plaintiff's past claim was imparted by Mr. Lloyd A. Cleaveland in his title opinion referred to in our answer to Interrogatory l(i), and Mr. Don Chapman, Jr., Box 218, Chillicothe, MO 64601.

The Jones interrogatory answers were exactly the same except for the author of the title opinion.

The interrogatory answers of the Hubbards and their successors in title are not in the legal file and plaintiff does not claim they had actual knowledge of his lis pendens notice.

One in the position of the defendant buyers in this case has actual notice not only of known facts but of such further facts which a reasonable investigation, prompted by the known facts, might disclose. *Lamke v. Lynn*, 680 S.W.2d 285, 288 (Mo.App.1984); *Barrickman v. National Utilities Co.*, 191 S.W.2d 265, 269 (Mo.App. 1945). The question in the case before us is whether the known presence of the *Neal v. Girdner* lawsuit of which the lis pendens notice gave actual notice to the defendants Jones and Bonderer, should reasonably have alerted them to plaintiff's continuing claims and should have prompted them to make further inquiry.

■ We hold that knowledge of the notice of lis pendens, of itself, did not place

upon the purchasers the responsibility to make further inquiry beyond the lawsuit itself. When the purchasers learned from the record that the lawsuit was concluded adversely to plaintiff, this duty was at an end. *Bristow v. Thackston,* 187 Mo. 332, 86 S.W. 94, 98–99 (1905); *Vehle v. Wagner,* 201 S.W.2d 636, 642–43 (Tex.Civ.App.1946). As we have earlier mentioned, the plaintiff does not point to any other fact or facts within defendant's knowledge which might have alerted them to plaintiff's continuing unsatisfied claims.

The plaintiff has cited us to no case suggesting that any further investigation by defendant purchasers was indicated, nor have we found any; the cases cited above indicate the contrary. Defendants were entitled to rely upon the disposition of the lawsuit upon the record and, without further facts to alert them to plaintiff's equitable claims, they were not bound to make further inquiry or investigation.

The judgment is affirmed.

All concur.