YELLOW FREIGHT SYSTEM, INC., Plaintiff-Respondent,

v.

MAYOR'S COMMISSION ON HUMAN RIGHTS, et al., Defendants-Appellants.

No. 14913.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 21, 1987.

Dennis E. Budd, Springfield, for defendants-appellants.

Ronald E. Sandhaus, David B. Mandelbaum, Kansas City, for plaintiff-respondent.

FLANIGAN, Judge.

Rule 87.04[1] reads, in pertinent part:

"... In any proceeding which involves the validity of a municipal ordinance ..., such municipality shall be made a party, and shall be entitled to be heard, and, if the ... ordinance ... is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."

This proceeding involves the validity of §§ 18A–1 through 18A–30 of the Springfield City Code. These sections of the Code will be referred to as "the ordinance." The petition, filed in the circuit court, sought a declaration that the ordinance is "an unconstitutional exercise of power by the City of Springfield and [is] null and void." The City was not made a party to the proceeding, nor does the record reflect that the Missouri Attorney General was served "with a copy of the proceeding."

■ For reasons which follow, this court holds that under Rule 87.04, which is a rescript of § 527.110, the City of Springfield was an indispensable party to the circuit court proceeding. The presence of an indispensable party is a jurisdictional requirement, *Lake Lotawana Ass'n, Inc. v. City of Lake Lotawana*, 723 S.W.2d 585, 588 (Mo.App.1987); *Spellerberg v. Huhn*, 672 S.W.2d 728, 729[1] (Mo.App.1984); *Vanderson v. Vanderson*, 668 S.W.2d 167, 169[1] (Mo.App.1984); *Neal v. Drennan*, 640 S.W.2d 132, 136[8] (Mo.App.1982). Although none of the parties to this appeal has raised the matter of the nonjoinder of the City as a party, this court must raise it on its own motion. *Lake Lotawana v. City of Lake Lotawana*, supra, 723 S.W.2d at 588; *Spellerberg v. Huhn*, supra, 672 S.W.2d at 729[1]; *Vanderson v. Vanderson*, supra, 668 S.W.2d at 169[1]; *Neal v. Drennan*, 640 S.W.2d at 136[8]. The failure to join the City of Springfield as a party to the circuit court proceeding is a flaw which is fatal to the trial court's judgment and requires reversal and remand.

On August 21, 1985, Yellow Freight System, Inc., respondent here, filed in the Circuit Court of Greene County, Missouri, a pleading entitled "Petition for Judicial Review of the Order of the Mayor's Commission on Human Rights and Community Relations for the City of Springfield, Missouri, and for Declaratory and Injunctive Relief." Named as defendants in the circuit court proceeding were the Mayor's Commission on Human Rights and Community Relations for the City of Springfield, Missouri, ("the Commission"), and nine in-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

dividuals. The latter, apparently, are members of the Commission. The ten defendants are appellants here.

Prior to the institution of the circuit court proceeding, one Betty Shortt filed, before the Commission, a complaint against Yellow Freight. That proceeding was Case No. 84–50 on the Commission's docket and was conducted pursuant to the ordinance which deals with "Fair Employment Practices." Yellow Freight appeared before the Commission and moved to dismiss Case No. 84–50 on the following grounds: (a) The Commission "is without judicial power either to hear contested cases between parties and/or issue orders which are enforceable at law"; (b) the proceedings in Case No. 84–50 "violate Yellow Freight's constitutional right to have that matter heard and determined by a jury of its peers" (c) the Commission is preempted from hearing the specific claims set forth by [Shortt] by the Missouri Worker's Compensation Law, the Missouri Fair Employment Practices Act, and the Employee Retirement Income Security Act of 1974, the latter being an Act of Congress. The Commission denied the motion.

After an evidentiary hearing, the Commission found that Shortt, an employee of Yellow Freight, was so employed for several months in 1984 until she was discharged; that Shortt was a "qualified handicapped person" within the meaning of those provisions of the ordinance relating to handicapped persons; that Yellow Freight was an employer within the meaning of the ordinance; that Yellow Freight "failed to make reasonable accommodation with regard to the employment of [Shortt]" in certain enumerated respects; that Yellow Freight discriminated against Shortt on the basis of her handicapped condition in certain enumerated respects. The Commission, "pursuant to its authority as described in [the ordinance]," ordered Yellow Freight to pay Shortt $13,760.80 in back wages and to reinstate Shortt as an employee "with all rights, privileges and benefits intact in the same manner as though [Shortt] had never been discharged." The Commission entered its findings and order on July 22, 1985.

The petition of Yellow Freight, filed in the circuit court, was in two counts, both preceded by a "Jurisdictional Statement" which stated that Yellow Freight sought judicial review of the order of the Commission under § 536.100, et seq., and also sought declaratory and injunctive relief.

Count I of the petition contained a description of the foregoing proceedings and order in Case No. 84–50 and further alleged: The Commission is an administrative body "allegedly constituted under [the ordinance]" and §§ 15.1 et seq. of the Springfield City Charter; the hearing in Case No. 84–50 was held "pursuant to [the ordinance]"; the Commission's Findings of Fact, Conclusions of Law and Order [in Case No. 84–50] "constitute a final decision in a contested case"; said final decision is in violation of constitutional provisions and is in excess of the statutory authority or jurisdiction of the Commission; said decision is unsupported by competent and substantial evidence on the record as a whole; said decision is made upon unlawful procedure and without a fair trial; said decision is arbitrary, capricious and unreasonable; said decision involves an abuse of discretion; Yellow Freight has exhausted all administrative remedies provided by law and is aggrieved by the decision.

The prayer of Count I sought reversal of the Commission's decision and an order enjoining its enforcement.

Count II of the petition incorporated the allegations of Count I and then pleaded: The ordinance purports to be rules governing fair employment practices; "said rules provide for the institution, prosecution, and disposition of contested cases and purport to create civil liabilities between private citizens"; the Commission is not an agency created "by either the Constitution or Statutes of the State of Missouri"; the Commission "is not an agency authorized by the City Charter of the City of Springfield"; the Commission "is not an 'agency' within the meaning of § 536.063"; the Commission, in entering its order [in Case No. 84–50] exceeded the authority granted to it by the Constitution of the State of Mis-

souri, by "the Statutes of Missouri" and by the City Charter; the Commission has unconstitutionally exercised judicial power in violation of Yellow Freight's rights to due process of law and in violation of Yellow Freight's rights under the Missouri Constitution and the Constitution of the United States.

Count II sought an order of the court making certain declarations, including the declaration that "[the ordinance] is an unconstitutional exercise of power by the City of Springfield and [is] null and void."

The answer of the defendants, in general, admitted the happenings in Case No. 84–50, but denied that those proceedings or the Commission's order were defective or unlawful and stated affirmatively that the Commission "is an administrative agency of the City of Springfield, Missouri, and as such is created by the City by and through power derived from the [C]onstitution and statutes of the State of Missouri."

■ The trial court, after an evidentiary hearing attended by the parties to the circuit court proceeding and their counsel, entered its judgment enjoining and prohibiting the defendants from enforcing the Commission's order in Case No. 84–50 "and from hearing and determining violations of Springfield Municipal Ordinances and establishing remedies and orders for such violations." The judgment declared that the Commission's order of July 22, 1985, was null and void.

It should be noted that the trial court's judgment did not limit its scope to the proceedings in Case No. 84–50. In effect, it ordered the Commission not to conduct any such proceedings involving any persons.[2]

In its judgment the trial court declared "[The ordinance] delegating the functions of making the decision appealed from is defective in its failure to define the body to whom the delegation is made and is, thus, so vague as to be unenforceable."

The judgment stated: "There is no definition of the word 'Commission' in [the ordinance]." The judgment further stated:

"The Commission is established by a separate ordinance, Section 2–39, as an 'advisory board.' The powers and duties set forth in ordinance Section 2–41 are limited to studying, enlisting cooperation and recommending policies to eliminate discrimination. Its duty under Ordinance Section 2–41 is to investigate complaints and report discrimination practices to the 'City Council.' The actions of the Defendants herein were not under the powers set forth in Ordinance 2–41. The actions complained of herein were direct orders made against the employer, the Plaintiff herein.... There is nothing in the ordinance creating the Defendant Commission which indicates that it was ever intended to do more than serve as an 'advisory commission or board.'"

Citing provisions of the Springfield City Charter and of the Missouri Constitution, the trial court's judgment also stated, with reference to the ordinance:

"[T]he delegation by the Springfield City Council of the power to hear and determine violations of municipal ordinances and to devise remedies therefor not only violates the Home Rule Charter, but also is inconsistent with the Missouri Constitution."

The foregoing record makes it clear that the circuit court proceeding *involved* the validity of the ordinance. Rule 87.04 re-

2. Betty Shortt, the complainant before the Commission, was not named as a defendant in the circuit court proceeding. Rule 87.04, in addition to the portions set forth above, contains the following language: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings."

The circuit court's judgment recites, "The employee-complainant is not a party to this action

and no request has been made to make the employee-complainant a party." The judgment of the trial court did not make separate rulings with respect to Count I and Count II of the petition. The trial court did not make any ruling with respect to the merits of Shortt's complaint before the Commission. This court expresses no opinion on whether the circuit court proceeding initiated by Yellow Freight satisfied the requirements of § 536.110 which deals with proceedings for review of a final decision in a contested case.

**254**

quired that the city be made a party with the right to be heard. The City was an indispensable party and the failure to join it as a party invalidates the trial court's judgment.

It should be noted that joinder of the City is required by Rule 87.04 if the proceeding "involves" the validity of the ordinance. So far as that portion of the rule is concerned, the basis for attacking the validity of the ordinance—constitutional, statutory or charter—is of no moment. On the other hand, if the ordinance is *alleged* to be *unconstitutional,* the rule requires service of a copy of the proceeding upon the Missouri Attorney General and he has a right to be heard.

The trial court found the ordinance to be unconstitutional and apparently construed the petition to so allege. If that construction is valid, an additional flaw was the failure to serve the Attorney General of Missouri "with a copy of the proceeding" and afford him an opportunity to be heard. Since the nonjoinder of the City is fatal to the judgment, it is unnecessary to consider the significance, if any, of the failure to serve the Attorney General.

The judgment is reversed and the cause remanded.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.