STATE of Missouri ex rel. CHEMICAL DYNAMICS, INC., d/b/a Schultz Company, Edmund C. Rogers, A. Y. Schultz and Jack Schultz, Relators,

v.

The Honorable Drew W. LUTEN, Jr., Judge of the Circuit Court of The County, Missouri, Respondent.

Nos. 40641, 40642 and 40643.

Missouri Court of Appeals, Eastern District, Division Four.

May 1, 1979.

Thomas B. Curtis, Thomas E. Allen, Clayton, Jim J. Shoemake, J. Richard McEachern, Mont S. Levy, J. Richard McEachern, St. Louis, for relators.

Ted D. Ponfil, Martin M. Green, Louis F. Bonacorsi, Clayton, for respondent.

DOWD, Presiding Judge.

Original proceeding in prohibition.

On June 30, 1978 this court issued a preliminary writ of prohibition which restrained respondent "from enforcing his amended order of judgment in which a receiver was appointed" in the above entitled cause, and which declared his "amended findings of fact, conclusions of law and order of judgment to be void ab initio". Relators request that the preliminary writ be made absolute.

The underlying cause from which the writ arose was instituted in July, 1976 by A. Y. Schultz and Jack Schultz to adjudicate the ownership of stock in a closely held corporation, Chemical Dynamics, Inc. In its final form, the petition listed the following as defendants: Sol Schultz, Harry Schultz, Marvin Saks, Chemical Dynamics d/b/a Schultz Co., Allen H. and Gloria B. Molasky, Mark and Ellen M. Molasky, Laurence Newfeld, Marti Ellen, Rose Molasky, and Melanjo Investment Corporation. Edmund C. Rogers was granted leave to intervene.

The action was tried without a jury before the respondent, The Honorable Drew W. Luten. The respondent entered findings of fact, conclusions of law, and an order of judgment favorable to the plaintiffs on March 16, 1978. Defendants Sol Schultz, Harry Schultz, Marvin Saks and Newfeld filed a joint post trial motion to set aside or amend the court's March 16th order of judgment. Defendants Molasky and Melanjo Investment Corporation filed a joint post trial motion for a new trial, or in the alternative, for the court to set aside or amend its judgment. This latter post trial motion was filed on March 31, 1978. While both these motions alleged that the judgment was inconsistent with the evidence adduced at trial, neither requested the appointment of a receiver. Respondent held a hearing on these post trial motions on May 12, 1978. On June 28, 1978 Respondent issued amended findings of fact, conclusions of law and order of judgment which provided *inter alia* for the appointment of a receiver. The relevant segment of the court's amended order of June 28, 1978 reads as follows:

"The Court has considered the various alternatives available to it and has determined that the proper method to protect the rights of ALL parties is for it to appoint a receiver who shall be empowered to take steps necessary to insure that the equitable interests of the Defendants and the rights of the Plaintiffs are adequately protected. The receiver is being appointed as ancillary to the relief granted the Plaintiffs. Such relief as encompassed in the Order of Judgment heretofore granted is now conditioned on Plaintiff's consent to the appointment of said receiver. The Court believes this is necessary to properly and equitably adjust and protect the rights of the parties herein. Accordingly, until such time as the Plaintiffs agree to this condition, the

Court will stay the effective date of its Order of Judgment heretofore granted."

Respondent entered judgment on his amended findings of fact and conclusions of law on June 29, 1978. Relators sought a writ of prohibition in this court on June 30, 1978 contending that Respondent's entry of judgment on June 29, 1978 was in excess of his jurisdiction in two respects. First, Relators assert the relief granted by Respondent was in excess of his jurisdiction because said relief was not requested by the parties in their post trial motions and was awarded more than 30 days after the entry of the original judgment. Relators assert that Respondent's action in this regard constituted a violation of Rule 75.01. Secondly, Relators allege that Respondent exceeds his jurisdiction in appointing a receiver because such action was taken absent notice, hearing, or request of the parties in the post trial motions.

■ We are of the opinion that the preliminary writ should be made absolute. It is well established that a court is empowered to "correct, amend, vacate, reopen or modify a judgment upon its own motion (and for good cause)" for 30 days following the entry of judgment. Rule 75.01. The jurisdiction of the trial court is extended for a period of 90 days from the timely filing of a motion for a new trial or other authorized post trial motion. Rule 81.05. Following the expiration of the initial 30 day period however, the relief awarded by the court is confined to the range of remedies suggested by the parties in their post trial motions. *Wiseman v. Lehmann*, 464 S.W.2d 539 (Mo.App.1971). As previously stated, neither of the post trial motions filed in this action requested the appointment of a receiver. Accordingly, the respondent's order to this effect was void. *S– v. S–*, 514 S.W.2d 1, 10 (Mo.App.1974).

This reasoning was employed in a dissolution of marriage proceeding. *S– v. S–*, supra. The initial judgment was entered on March 5, 1973. The husband's motion for a new trial was filed on March 19, 1973. Fifty days after the entry of the initial judgment, the trial court attempted to amend its original judgment by awarding alimony and attorneys fees to the wife. Relying on *Wiseman*, the appellate court sustained the husband's objection that the trial court's action in this regard exceeded its jurisdiction. The court in *S– v. S–* held that the relief granted on April 24, 1973 was void because it was not requested in the husband's post trial motion.

At this juncture it should be noted that Respondent's reliance on *Cook v. Cureatz*, 466 S.W.2d 133 (Mo.App.1971) is misplaced since the relief accorded therein corresponded with the remedy sought in the post trial motions which were filed.

■ Respondent's order also contained the provision that the court intended to maintain continuing jurisdiction over the cause in order "to effectuate the terms of this Order". As we have already determined that the substance of the amended order was in excess of respondent's jurisdiction, any attempt by him to exercise jurisdiction to effectuate the order similarly would have been void. *State ex rel. Safety Ambulance v. Kinder*, 557 S.W.2d 242 (Mo. banc 1977).

■■ Respondent contends that the writ should be "vacated" because Relators should have pursued a remedy by direct appeal and posted a supersedeas bond to stay the amended order of June 29, 1978. We disagree. While a writ of prohibition will not lie as a substitute for an appeal, it may be invoked to preclude a court from acting without jurisdiction. *State ex rel. TJH v. Bills*, 504 S.W.2d 76, 79 (Mo. banc 1974). As we have determined that Respondent lacked jurisdiction to issue the amended order, the judgment was void, "entitled to no consideration", and properly challenged by a writ of prohibition. *State ex rel. Rhine v. Montgomery*, 422 S.W.2d 661, 663 (Mo.App.1967).

■ Respondent also contends that he was empowered to order the appointment of a receiver on equitable grounds, despite the fact that a request for this relief cannot be found in either post trial motion. Courts should proceed with great caution in ap-

pointing receivers for corporations. A court's exercise of the power to appoint a receiver is conditioned on a finding of imminent danger or miscarriage of justice. *Niedringhaus v. William F. Niedringhaus Ins. Co.*, 46 S.W.2d 828, 836 (Mo.1931). Respondent's amended judgment does not indicate that these conditions had been found to exist. In fact, Respondent's amended findings of fact indicate that it was the implementation of the "implied equitable trust" which he had imposed in his prior order which was the source of the potential harm which could threaten the shareholder. Finally, Respondent's determination that a receiver was necessary to "protect the rights of ALL the parties" was not of such an urgent posture and great emergency that it justified the failure to accord the parties the requisite notice and hearing. *Pesch v. Boswell*, 84 S.W.2d 151, 152 (Mo. App.1935).

Our preliminary writ of prohibition is made absolute.

CRIST and SNYDER, JJ., concur.