Charles Craig CUNNINGHAM, d/b/a Lewellen Angus Farms, Respondent,

v.

Tom BURKE and Bernie Scheer, d/b/a American Angus Hall of Fame, Appellant.

No. WD 36921.

Missouri Court of Appeals, Western District.

Feb. 11, 1986.

Becky Ingrum Dolph, Platte City, for appellant.

Ernest H. Fremont, Kansas City, for respondent.

Before DIXON, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This is a civil action for breach of contract. The judgment is reversed and the cause remanded.

While appellant formally presents three points, only one is taken up due to the disposition of this appeal. In summary, it is charged that the trial court erred in overruling appellant's motion for directed verdict because of the failure to join necessary and indispensable parties.

This case was tried to the circuit court, thus bringing review of the matter within Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), which has interpreted the rule.

The pertinent facts are as follows: In 1979, respondent (Charles Craig Cunningham), along with his wife (Elvina Cunningham) and parents (Mr. and Mrs. Charles Cunningham), entered into a conditional sales agreement for the purchase of a registered herd of Angus cattle owned by the estate of U.G. Lewellen. The agreement was based on a purchase price of $100,-000.00, and title to the cattle was to be transferred to respondent after payment in full of the purchase price.

In 1983, respondent decided to hold a dispersal sale of the cattle (dispersal being the sale of the entire herd), and to use the proceeds of the sale to pay off the outstanding balance of the purchase price to the estate. At that time, there was approximately $95,000.00 still owed on the cattle.

Mr. Charles Cunningham (respondent's father) contacted appellant Burke who, along with appellant Scheer, operated a business known as the American Angus Hall of Fame for the sale of Angus cattle. An agreement was reached whereby appellants would manage the dispersal auction sale of the cattle. In a letter sent to Charles Cunningham and dated May 4, 1983, appellant Burke outlined the matters which he agreed to handle, among those being the writing, preparation and dis-

persement of the sale catalogs and all other advertising.

The auction was held on September 21, 1983, at the farm of respondent and his wife. There were approximately 124 head of cattle and cow-calf pairs sold, approximately 100 people attended the auction, and the gross sale proceeds were approximately $67,160.00. After the sale the balance remaining and still owed to the estate was approximately $16,000.00.

On January 19, 1984, respondent filed his petition for damages alleging that appellants had breached their contract as to their performance and handling of auction as well as pre-auction matters, and that, as a result, the cattle were sold well below market price, thereby damaging respondent in the amount of $98,399.95.

Trial commenced on November 8, 1984. Before opening statements were made appellants made a motion for continuance on the ground that appellants' counsel had been retained only two days prior. The court denied their motion and the proceedings commenced.

At the close of respondent's opening statement, appellants made a motion for directed verdict on the basis of admissions made by respondent in his opening statement, to wit: that the title to the cattle was with the Lewellen estate at the time of the sale, thereby giving the estate a vested interest and, that respondent's wife and parents were parties to the conditional sales agreement, thereby giving them a vested interest. Therefore, appellants argued, the respondent was not the "proper party" in this action. The court overruled appellant's motion.

Again, at the close of respondent's evidence, appellants made a motion for directed verdict, basically stating the same grounds as recited in the earlier motion. Again, the court overruled appellants' motion. Appellants presented no evidence.

The court entered its judgment in favor of respondent and entered findings of fact and conclusions of law. The court did not make any specific findings as to the addi-tional parties which appellants now claim are necessary and indispensable parties. This appeal followed.

As noted above, the sole point considered herein is whether the trial court erred in refusing to grant appellants' motion for directed verdict for failure to join necessary and indispensable parties.

Appellants' objections and motions for directed verdict were based on whether the parties were "proper parties" and as such, falls under the permissive joinder Rule 52.-05. "The question of adding or joining parties is a different one from permissive joinder or such modern procedural devices as third party practice." *State ex rel. Emcasco Insurance Co. v. Rush*, 546 S.W.2d 188, 195 (Mo.App.1977).

■ Therefore, it appears that appellants did not raise the issue of nonjoinder of a necessary and indispensable party at the trial level. However, the issue of whether there has been a failure to join a necessary and indispensable party is jurisdictional and may be raised at any time, even on appeal. Rule 55.27(g)(2); *Lake Sherwood Estates Association v. Continental Bank & Trust Co.*, 677 S.W.2d 372, 375–76 (Mo.App.1984).

Discussion of appellants' alleged error is subdivided into two subpoints, (a), pertaining to the nonjoinder of the Lewellen estate, and (b), pertaining to the nonjoinder of respondent's wife and parents. A general discussion of the joinder Rule 52.04 is first in order, and then its application to appellants' subpoints (a) and (b) follows.

The rule on the joinder of necessary and indispensable parties provides in part:

(a) Persons to be Joined if Feasible. A person shall be joined in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substan-

tial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

\* \* \* \* \* \*

As interpreted by numerous Missouri cases, the determination the court must make under 52.04 is two-fold. First, the court must determine whether the parties are "necessary" and if so, they must be joined. Such a determination, however, does not end the inquiry, for if joinder of a "necessary" party is not feasible, the court may not dismiss the action, but must proceed to the second level of consideration: whether in equity and good conscience the action should proceed among the parties before it, or whether it should be dismissed. If the court determines that the action should be dismissed, then the absent party is considered to be "necessary" and "indispensable". An action may not be dis-

missed until the court has made this final determination. On the other hand, if, during the first level of inquiry, the court determines that the absent party is not "necessary" then the second level of inquiry is never reached. Stated another way, only "necessary" parties may be "indispensable" and dismissal is warranted only when a party is "indispensable".

Thus, determination of whether, in the present action, these absent parties are "necessary" must first be made.

Under subpoint (a), appellants allege that the Lewellen estate is a necessary and indispensable party. In determining whether an absent party is necessary, Rule 52.04(a) provides certain criteria which are to be considered in each individual situation. First, in the estate's absence, may complete relief be accorded among those already parties?

▉ The present action is for breach of an alleged contract between respondent and appellants. Appellants do not allege that the estate is a party to the contract in question.[1] Respondent charged appellants with a breach of their duties under the contract and sought from the trial court a determination of appellants' liability and any resulting damages. The estate need not be present in the action for the court to determine the rights among the contracting parties and assess any damages. Therefore, complete relief among the existing parties may be accorded in the absence of the estate.

Second, does the estate claim an interest relating to the subject of the action, and if so, is it so situated that the disposition of the action in the estate's absence may as a practical matter (1) impair or impede its ability to protect that interest, or (2) leave any of the persons already parties subject to a substantial risk of incurring double,

---

1. For clarification, the Lewellen estate *is* a party to the conditional sales agreement for the sale of the cattle to respondent and respondent's wife and parents. That contract is not to be confused with the contract which is the basis of this action, i.e. the contract respondent alleges exists between he and appellants in which appellants promised to conduct and manage the dispersal auction sale of the cattle.

multiple or otherwise inconsistent obligations by reason of the claimed interest?

As already discussed, the subject matter of the action is the alleged contract between respondent and appellants. Any interest the estate may have is not in the contract in question, but under its contract with respondent, respondent's wife and parents (i.e. the conditional sales agreement). Respondent does not dispute appellants' claim that the estate has a vested interest in the cattle. But such interest does not give the estate a derivative interest in the present action. The contract in question is a contract to perform services. The estate had no interest in the manner in which those services were performed.

■ Even if this court would hold that the estate does claim a sufficient interest in the present action (e.g. as some sort of third party beneficiary), such an interest is too tenuous. An interest which requires a compulsory joinder does not include a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action. *Bunting v. McDonnell Aircraft Corp.*, 522 S.W.2d 161, 169 (Mo. banc 1975).

This court holds that any interest that the Lewellen estate may possibly have in this litigation is such a remote interest that Rule 52.04 does not call for compulsory joinder. Thus, appellants' contention under (a) above is without merit.

Appellants' subpoint (b) alleges that respondent's wife and parents are necessary and indispensable parties. This question requires a close examination of those parties' involvement in the alleged contract which is the subject matter of this action.

There is some confusion as to the contact among the parties involved because respondent's given name is Charles Craig Cunningham and he is also known as Craig Cunningham. Respondent resides in Clifton Hill, Missouri. To complicate matters, respondent's father's name is Charles Cun-

ningham. The record indicates that Charles Cunningham also resides in Clifton Hill, Missouri. Herein respondent is referred to as respondent or Craig, and respondent's father is referred to as Charles.

According to respondent's testimony, initial contact with appellants was through Charles by telephone communication. Appellants' letter, which respondent claims sets out the terms of the contract, was addressed to Charles and was sent in response to his telephone call. The letter, admitted into evidence by respondent, was dated May 4, 1983, and stated, "Dear Charles: I certainly appreciated your phone call, and want you to know that I would be delighted to work with you in the dispersion of the Lewellen Angus herd." The letter was signed "Tom Burke". Respondent further testified that all subsequent contact with appellants, both by letter and by telephone, was through Charles and Elvina Cunningham (respondent's wife). In fact, respondent had no direct communication or contract with appellants until the day of the sale.

■ While this court does not rule on the validity of the contract, it finds that, at the very least, Charles and Elvina were parties in the negotiation which lead to the eventual sale of the cattle. By virtue of their financial interest in the cattle and, more importantly, their involvement in the sale of the cattle, Charles and Elvina have a direct interest relating to the subject matter of this action. *See* Rule 52.04(a). Furthermore, they are so situated that the disposition of this action in their absence may, as a practical matter, impair or impede their ability to protect their respective interests, and may leave appellants subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of Charles' and Elvina's respective interests.[2] *Compare Bunker R–III School Dist. v. Hodge*, 666 S.W.2d 20 (Mo.App.1984).

---

**2.** Appellants allege that Mrs. Charles Cunningham is also a necessary and indispensable party to this action. There is nothing in the record regarding Mrs. Cunningham's involvement (or lack of) in the negotiations leading to the sale of the cattle.

This court therefore holds that Charles and Elvina are necessary parties under Rule 52.04(a). The judgment is reversed and the cause remanded with directions that the trial court comply with 52.04 by ordering that Charles and Elvina be joined in the action, or if the trial court determines that their joinder is not feasible, the court must make the further determination as to whether Charles and Elvina are indispensable parties under 52.04(b). The court is also directed to determine whether Mrs. Charles Cunningham is a necessary and indispensable party and to proceed under Rule 52.04.

Reversed and Remanded.

All concur.