Karol A. LAYTON, Appellant,

v.

Richard J. LAYTON, Respondent.

No. 50774.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 30, 1986.

Motion for Rehearing and/or
Transfer Denied
Jan. 27, 1987.

Application to Transfer Denied
March 17, 1987.

Joseph Howlett, Shaw, Howlett & Schwartz, Clayton, for appellant.

Edgar & Frawley, Thomas J. Frawley, St. Louis, for respondent.

CRIST, Judge.

Wife appeals the property division of a dissolution and the trial court's jurisdiction to enter a new judgment and an order nunc pro tunc. We affirm.

The first issue to be addressed concerns the jurisdiction of this court to hear this appeal. A brief history follows:

July 24, 1985—Court entered Decree of Dissolution.

August 8, 1985—Husband timely filed Motion to Modify and Amend Decree of Dissolution.

September 20, 1985—Court sustained husband's motion, entered a new Decree of Dissolution, and vacated the July 24 decree.

October 4, 1985—Wife filed a Motion for New Trial or in the alternative a Motion to Amend Decree.

October 11, 1985—Court entered a nunc pro tunc amendment and overruled wife's motion.

October 21, 1985—Wife filed Notice of Appeal.

■ Husband argues this court lacks jurisdiction to hear the appeal because the notice of appeal was not filed within ten days of the decree becoming final. Husband contends the decree was final on September 20 when the court disposed of the post-trial motion. Rule 81.05(a). This argument has been discussed and rejected in *Schreier v. Schreier*, 625 S.W.2d 644, 647[2] (Mo.App.1981). Since the first judgment was vacated, the time limits for appeal in this case are to be computed from the entry of the new judgment. *Id.* at 648. Filing the notice of appeal within ten days of the overruling of wife's timely post-trial motion complies with Rule 81.05(a) and provides jurisdiction for this court to hear this appeal.

Wife first claims error in the trial court's entry of the September 20 decree. The new judgment was entered more than thirty days after the entry of the initial judgment. Therefore, it is claimed the trial court lost its jurisdiction under Rule 75.01 to modify, amend or vacate the initial judgment on its own volition. It is further argued that since the court's jurisdiction was based on the post-trial motion, the court could not grant any relief other than that specifically requested. *See State ex rel. Chemical Dynamics, Inc. v. Luten*, 581 S.W.2d 921, 923 (Mo.App.1979).

In the present case, the July 24 decree valued and awarded marital and separate property. Among the several errors alleged in his August 8 motion, husband claimed: (1) several items listed as marital property were in fact his separate property, (2) there was error in awarding a car to wife which he had possessed since the separation, (3) an account valued at $25,791 should have been divided between the parties since it was ruled to be marital property and not the separate property of wife, and (4) certain credit card debts should have been ordered to be paid by wife based on an agreement of the parties. Husband did not complain of the 50–50 distribution of the proceeds of the sale of their house.

In the new judgment, the trial court made several of the specific changes requested by husband. It did not give husband an interest in the $25,791 account, but did give him an increased percentage in the proceeds of the sale of their house. The increased percentage was valued at $10,500. Wife claims the trial judge went beyond the relief requested in the motion by increasing husband's share of marital property through an increased share in the proceeds of the sale of the house when the issue of the house was not raised in the motion.

The cases cited by wife are distinguishable from this case. In *S____ v. S____*, 514 S.W.2d 1, 10 (Mo.App.1974), more than thirty days after the entry of the initial judgment, with the only timely post-trial motion being husband's motion for a new trial based on the amount of child support, the trial court entered a new judgment awarding wife $10,000 maintenance in gross and increased attorney fees. In *State ex rel. Chemical Dynamics, Inc. v. Luten*, 581 S.W.2d 921, 923 (Mo.App.1979), the trial court ordered the appointment of a receiver after the thirty-day period when none of the parties requested such appointment. In *Wiseman v. Lehmann*, 464 S.W.2d 539, 543 (Mo.App.1971), the court increased the dollar amount of the judgment against the defendant when the only thing that could be considered a post-trial motion was filed by the defendant.

■ In the present case, husband basically challenged the distribution of property and cited several areas where the trial court had erred. Under the specific facts of this case, we cannot say the trial court

went beyond the relief requested by husband when it awarded him money from one fund instead of another.

Wife next claims error in the trial court's nunc pro tunc order. When the trial court entered its new judgment, it awarded the refrigerator, washer, dryer and microwave as husband's separate property. At the same time, these items were listed as marital property to be awarded to wife just like they were in the initial judgment. Wife argues the deletion of the gift to wife in the nunc pro tunc order was void because it was not to correct a clerical mistake but was to change a disposition not intended by the judge.

■ The trial court could not find the objects to be husband's separate property and award them to wife as well as to husband. Even if the trial court had not entered its nunc pro tunc order, this inconsistent result would have had to have been changed, and the evidence shows the property was owned by husband prior to the marriage. However, the nunc pro tunc order is supported because the transcript, husband's motion, and the new judgment made it clear the trial court meant to set out these items as husband's separate property. *Katz v. Katz*, 708 S.W.2d 816, 818[3] (Mo.App.1986).

Wife asserts a Merrill Lynch account in the sum of $25,791, which was awarded to her as part of her share of the marital property, was the separate property of herself and her sister and not marital property. The trial court was confronted with conflicting evidence on this issue and chose to favor husband's evidence. We defer to the decision of the trial judge who had the superior opportunity to see, hear and evaluate the witnesses. *O'Neal v. O'Neal*, 703 S.W.2d 535, 537 (Mo.App.1985).

■ During the marriage, wife received gifts of cash totaling $12,000 from her grandparents. Husband's evidence showed this money was placed in a joint husband and wife account at Merrill Lynch along with money from other joint accounts and husband's individual account. Husband testified he transferred the funds into an account he mistakenly thought was in his name as well as his wife's. Husband's evidence traced the funds through several accounts until they ended up in the $25,791 joint account of wife and her sister. When the nonmarital property from the grandparents was transferred into joint ownership, a gift to the marital estate was presumed and wife had to show by clear and convincing evidence no gift was intended. *Weiss v. Weiss*, 702 S.W.2d 948, 954[9] (Mo. App.1986). The trial court obviously concluded wife failed to meet the burden imposed on her.

■ Wife lastly asserts the trial court committed prejudicial error when it awarded her mostly personal property, specifically household goods, that have a reduced value unless she is awarded the real property or a means to replace it. Wife was awarded 63.6% of the marital property (her figures). She has failed to show an abuse of discretion.

Judgment affirmed.

KELLY, P.J., and SMITH, J., concur.