**MAPLEWOOD–RICHMOND HEIGHTS SCHOOL DISTRICT,**
Petitioner-Respondent,

v.

**George C. LEACHMAN, Collector of Revenue, St. Louis County, Missouri, Respondent,**

Mark Cofman, General Partner, Oxford Partnership and Laclede Forest Partnership, et al., Intervenor-Respondent-Appellants.

**CLAYTON SCHOOL DISTRICT,**
Petitioner-Respondent,

v.

**George C. LEACHMAN, Collector of Revenue, St. Louis County, Missouri, Respondent,**

Mark Cofman, General Partner, Oxford Partnership and Laclede Forest Partnership, et al., Intervenor-Respondent-Appellants.

**RITENOUR CONSOLIDATED SCHOOL DISTRICT, Petitioner-Respondent,**

v.

**George C. LEACHMAN, Collector of Revenue, St. Louis County, Missouri, Respondent,**

Mark Cofman, General Partner, Oxford Partnership and Laclede Forest Partnership, et al., Intervenor-Respondent-Appellants.

**SCHOOL DISTRICT OF UNIVERSITY CITY, Petitioner-Respondent,**

v.

**George C. LEACHMAN, Collector of Revenue, St. Louis County, Missouri, Respondent,**

Mark Cofman, General Partner, Oxford Partnership and Laclede Forest Partnership, et al., Intervenor-Respondent-Appellants.

Nos. 52406, 52419, 52420 and 52454.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 9, 1987.

Motion for Rehearing and/or Transfer
Denied July 9, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Mark D. Mittleman, Clayton, for Mark Cofman, et al.

Richard H. Ulrich, St. Louis, for Maplewood-Richmond Heights School Dist.

Thomas W. Wehrle, St. Louis, for George Leachman.

George J. Bude, Clayton, for Clayton School Dist.

John Anthony Klobasa, St. Louis, for Ritenour School Dist.

Charles Alan James, Clayton, for University City School Dist.

STEPHAN, Judge.

In four separate actions filed against George C. Leachman, Collector of Revenue of St. Louis County, four St. Louis County school districts sought to compel the Collector to disburse to each of them certain protested payments of 1985 real property taxes, as provided for by § 139.031.8, RSMo Cum.Supp.1984. The school districts which instituted the proceedings against the Collector are the Maplewood-Richmond Heights School District, Clayton School District, Ritenour Consolidated School District, and the School District of University City.

In each of the districts, certain taxpayers had paid all or a portion of their taxes under protest and had initiated appeals with the State Tax Commission which remain unresolved. When, pursuant to § 139.031.2, the Collector impounded the taxes so protested, the school districts filed suit to compel the Collector to disburse the funds to each of them. Learning of these proceedings, protesting taxpayers in each of the districts filed motions to intervene. The motions in each of the four cases were denied in different divisions of the Circuit Court of St. Louis County. In each of the four cases, court approved settlements were reached by the Collector's agreement to disburse the contested funds to the school districts after each district agreed that the Collector could withhold from future revenues due the district any amount

ultimately held to be owed to these taxpayers. As far as we can determine from the records, however, the disbursements apparently have not been made. The protesting taxpayers who had unsuccessfully sought intervention filed their appeals in the Supreme Court of Missouri which transferred them to this Court. Because of the similarity of issues, the appeals have been consolidated.

Central to appellants' principal arguments is that they should have been allowed to intervene in the proceedings between the four districts and the Collector under the authority of Supreme Court Rules 52.04(a) (Joinder of Persons Needed for Just Adjudication) and 52.12(a) (Intervention). Appellants also claim that the denial of their motions to intervene deprived them of due process in that they were thereby deprived of their right to participate in proceedings relating to the impounded funds in which they may have an interest. We find no merit in appellants' contentions and affirm the four judgments of the trial court.

As indicated, the school districts' actions against the Collector were predicated upon § 139.031.8, RSMO 1986, which provides as follows:

8. Any taxing authority may apply to the circuit court of the county or city not within a county in which a collector has impounded protested taxes under this section and, upon a satisfactory showing that such taxing authority would receive such impounded tax funds if they were not the subject of a protest and that such taxing authority has the financial ability and legal capacity to repay such impounded tax funds in the event a decision ordering a refund to the taxpayer is subsequently made, circuit court shall order, pendente lite, the disbursal of all or any part of such impounded tax funds to such taxing authority. The circuit court issuing an order under this subsection shall retain jurisdiction of such matter for further proceedings, if any, to compel restitution of such tax funds to the taxpayer. In the event that any protested tax funds refunded to a taxpayer were disbursed to a taxing authority under this subsection instead of being held and invested by the collector under subsection 7 of this section, such taxing authority shall pay the taxpayer entitled to the refund of such protested taxes the same amount of interest, as determined by the circuit court having jurisdiction in the matter, such protested taxes would have earned if they had been held and invested by the collector.

In appellants' first two points, they claim that: (1) they should have been joined or allowed to intervene under the authority of Rule 52.04(a) because they have "an interest in the preservation of their escrowed funds and will be unable to protect that interest by contesting the taxing authorities' compliance" with § 139.031 if they are not parties; and (2) they have a "right" to intervene under the provisions of Rule 52.-12(a) because they have an interest in the escrowed funds which they will not be able to protect if they are not parties to the proceedings between the Collector and the school districts. Both of these claims are refuted by the clear terms of § 139.031.8, *supra.*

Under the terms of the statute, any disbursement by the Collector of taxes paid under protest is subject to the trial court's determination that the "taxing authority has the financial ability and legal capacity to repay such impounded tax funds in the event a decision ordering a refund is subsequently made." Furthermore, any order of disbursement to the taxing authority is made "pendente lite", that is to say, subject to the final determination of entitlement to the contested funds. Additionally, the provisions in the disbursement orders, that the school districts consented to the Collector's withholding from future revenues any amounts necessary to satisfy any sums held to be owing to the taxpayers, strengthened whatever future right the taxpayers may have to the impounded funds, as determined by their appeals to the State Tax Commission.

With respect to joinder or intervention under Rule 52.04(a), the words of this Court in *State ex rel. Emcasco Insurance Company v. Rush,* 546 S.W.2d 188, 197 (Mo.App.1977) are particularly relevant:

An "interest" which compels joinder does not include a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action. It must be such a direct claim upon the subject matter of the action that the joined party will either gain or lose by direct operation of the judgment to be rendered.

Whatever the outcome of the actions between school districts and the Collector, the interests of the taxpayers were not subject to being extinguished. They, therefore, possessed no right of being joined or intervening under Rule 52.04(a).

With respect to taxpayers' claims that they had a right to intervene under Rule 52.12(a), we note that under the terms of the rule itself a would-be intervenor must demonstrate, inter alia, that he has an interest in the property which is the subject of the action, that the disposition of the action might "impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." As indicated above, the taxpayers here do not have an interest which qualifies them for joinder or intervention under Rule 52.04(a). See also *In re Guardianship of Montez*, 669 S.W.2d 605, 608 (Mo.App.1984). Nor will the taxpayers' refund rights, if so established by their State Tax Commission appeals, be impaired or impeded by whether they receive their refunds from the Collector or from the school districts. Finally, we note the terms of § 139.031.8, which impose upon the Collector, as well as the trial court, the duty to make or order no disbursement of the funds to the school districts unless it is established that the "taxing authority has the financial ability and legal capacity to repay such impounded funds in the event a decision ordering a refund to the taxpayer is subsequently made." In light of such provision, we conclude that the taxpayers' interest is "adequately represented by existing parties." Rule 52.12(a).

Appellants' final argument is that the denial of their motions to intervene in the actions between the school districts and the Collector amounts to a denial of due process as guaranteed to them by the United States and Missouri Constitutions. Specifically, this claim focuses upon the fact that their inability to participate in those proceedings deprives appellants of an opportunity "to refute the school districts' claims of 'financial ability and legal capacity to repay.'"

■ Although this specific point has never been addressed by an appellate court of this state, our Supreme Court has considered § 139.031 in connection with an action brought under 42 U.S.C. § 1983, "to redress an allegedly unconstitutional imposition of tax on real estate." *Stufflebaum v. Panethiere*, 691 S.W.2d 271 (Mo. banc 1985). In upholding the statute, the court said, "In our view, § 139.031 provides a plain, adequate and complete remedy for the redress of appellants' grievances." *Id.,* 272. The court also noted that to open the statute to attack under § 1983 would effect an intolerable burden upon the collection of taxes. In that same vein, we may observe that to grant every disgruntled taxpayer the right of intervention in cases of this nature would have the same effect.

The judgments of the trial court are affirmed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.