BRENTMOOR PLACE RESIDENTS ASSOCIATION, Plaintiff/Respondent,

v.

Ray F. WARREN, Defendant/Appellant,

v.

BRENTMOOR PLACE DEVELOPMENT CO., Alan Lieberman and Edmund Hugill, Defendants/Respondents.

No. 55066.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 1, 1989.

Michael J. McAvoy, Richard Bumb, Fenton, for defendant/appellant.

Edward K. Fehlig, Clayton, for plaintiff/respondent.

GRIMM, Presiding Judge.

In this bench-tried action for injunctive relief, defendant Ray F. Warren appeals from the injunctions issued against him. These injunctions (1) mandated removal of certain structures on defendant's subdivision lot; and (2) permanently enjoined further maintenance of the structures. We reverse and remand.

Defendant raises five points of error. One point requires us to reverse and remand. If, as maintained, the lot is owned by defendant and his wife as tenants by the entirety, defendant's wife is a necessary party who must be joined, if feasible.

Defendant owns and resides on a lot in Brentmoor Place, a subdivision in St. Louis County. The subdivision consists of common ground and 110 residential lots. A recorded Indenture of Trust and Restrictions governs, among other things, the construction of fences and other structures in the subdivision.

In a letter dated November 20, 1986, defendant requested the approval of the subdivision's Board of Trustees to erect a coach light, fence, satellite dish, and shed on his lot. The letter was received on November 26. On December 24, the subdivision's Architectural Review Committee responded to defendant's requests. In a letter written with two of the three trustees' approval, the Committee informed defendant that his requests were "not approved at this time." The letter noted that the requests would be discussed at a later meeting.

On January 10, 1987, the Committee recommended approval of the coach light. In addition, it recommended that the Board of Trustees not approve the fence, shed, and satellite dish. Two trustees agreed to the Committee's recommendations on that date.

In a letter dated January 12, the Committee informed defendant that only the coach light had been approved. The letter also stated that prior to further consideration of the fence, "a more precise drawing" of its "placement, construction and location" would be required.

Nonetheless, defendant erected the fence, satellite dish, and shed. On January 20, in a letter to the "Directors of Brentmoor Place Residential Association," defendant acknowledged, "we have installed the four items that were requested in writing to you on November 20th, 1986." Plaintiff then filed this action for injunctive relief against defendant. Defendant subsequently filed a Petition for Appointment of a Receiver, as well as a cross-petition against two of the trustees and the association.

Following a hearing, the trial court entered findings of fact, judgment, and decree. The trial court issued an injunction against defendant, "his heirs, successors and assigns," mandating removal of the fence, shed, and satellite dish. Further, the trial court permanently enjoined defendant, "his heirs, successors and assigns," from maintaining these structures on the lot. Judgment was entered against defendant on all counts of his cross-petition, as well as on his petition for appointment of a receiver.

In one of his five points relied on, defendant contends that the absence of his wife as a party deprived the trial court of jurisdiction to enter judgment. The failure to join a necessary party "may be raised at any stage of the proceedings, even on appeal." *Lake Sherwood Estates Ass'n. v. Continental Bank & Trust Co.*, 677 S.W.2d 372, 375 (Mo.App.E.D.1984); Rule 55.27(g)(2). Defendant first raised this contention in his motion for new trial.

In support of this contention, defendant attached an affidavit of Katherine B. Warren to his new trial motion. The affidavit asserts that she is defendant's wife; she and defendant have owned the subdivision lot as tenants by the entirety since September, 1986; and she is an indispensable party to the injunction action. A copy of a deed is attached to the affidavit and purports to convey the lot to "Ray Francis

Warren and Katherine Bean Warren, his wife."

Rule 52.04 governs "Joinder of Persons Needed for Just Adjudication." The rule provides in pertinent part:

(a) Persons to be Joined if Feasible. A person shall be joined in the action if ... (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest....

An "interest" requiring joinder under this rule "does not include a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action." *State ex rel. Emcasco Ins. Co. v. Rush*, 546 S.W.2d 188, 197 (Mo.App.E.D.1977); *Maplewood–Richmond Heights School Dist. v. Leachman*, 735 S.W.2d 32, 35 (Mo.App.E.D.1987). Rather, the interest "must be such a direct claim upon the subject matter of the action that the joined party will either gain or lose by direct operation of the judgment to be rendered." *Rush, supra* at 197; *Leachman, supra* at 35.

Here, defendant and Katherine Warren contend that they own the property as tenants by the entirety. The only support in the record for this contention is Katherine Warren's affidavit and a photocopy of the alleged deed. As such, the record does not permit us to determine the validity of the Warrens' contention.

This determination must be made, however, due to the nature of a tenancy by the entirety. "The distinctive characteristic of an estate by the entirety is that it is deemed to be owned by a single entity, the marital community." *U.S. Fidelity & Guar. Co. v. Hiles*, 670 S.W.2d 134, 137 (Mo.App.E.D.1984). As such "[e]ach spouse is deemed to be seized of the whole, entitled to the use and enjoyment of the whole." *Id.*

Therefore, if such an estate exists here, "a single entity" owns the property and each spouse has an interest in "the use and enjoyment of the whole." *See id.* This interest is "such a direct claim upon the subject matter" of the present injunction action that each spouse will "gain or lose by direct operation of the judgment to be rendered." *See Rush, supra* at 197. Consequently, under Rule 52.04(a)(2)(i), disposition of the action in the spouse's absence "may ... as a practical matter impair or impede [the absent spouse's] ability to protect that interest...."

Accordingly, the judgment on plaintiff's petition for injunctive relief is reversed. The cause is remanded for a determination of whether defendant and Katherine B. Warren own the property as tenants by the entirety.

If the trial court determines that the lot is owned solely by defendant, the court may reenter its judgment on the injunctions. If, on the other hand, the court determines that defendant and Katherine Warren own the property as tenants by the entirety, Katherine Warren is a necessary party and must be joined, if feasible. Rule 52.04(a); *see Kingsley v. Burack*, 536 S.W.2d 7, 13 (Mo.banc 1976).

Although it appears Katherine Warren's joinder would be feasible, it would be premature for us to decide that question. If that question arises on remand, the trial court must address it pursuant to Rule 52.04(b).

Defendant's other four points allege that there was no substantial evidence to support a particular finding. Applying the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), we find no error in any ruling on those four points, since there was substantial evidence to support the challenged findings. Each of those points is denied.

The judgment on plaintiff's petition for injunctive relief is reversed; and the cause is remanded for further proceedings consistent with this opinion.

GARY M. GAERTNER and KAROHL, JJ., concur.