**Sheila T. HEITZ, Gary R. Heitz, Valerie Heitz, and Michelle K. Heitz, Respondents,**

v.

**Charles J. KUNKEL, Appellant.**

No. 18825.

Missouri Court of Appeals, Southern District, Division One.

July 13, 1994.

Sherwin L. Epstein, John W. Roe, Law Offices of Sherwin L. Epstein & Associates, Kansas City, for appellant.

W. Gary Drover, Camdenton, for respondents.

MONTGOMERY, Judge.

Charles J. Kunkel (Appellant) appeals from the judgment in this court-tried case regarding a sewer line across his property. As part of its judgment, the trial court (1) decreed that Sheila T. Heitz, Gary R. Heitz, Valerie Heitz, and Michelle K. Heitz (the Heitzes) have a sewer line easement across Appellant's property, (2) enjoined Appellant from interfering with the Heitzes' use of the sewer line, and (3) entered a judgment for $7,202 against Appellant for damages caused when he cut and blocked off the Heitzes' sewer line. We reverse the trial court's judgment and remand for further proceedings.

Appellant and his wife, Sharon K. Kunkel (Sharon), are the record owners of most of Lot 8 in Crown Pointe, a Camden County subdivision, and the house located on that lot. The Heitzes own Lot 9 (which adjoins Lot 8) and the house located on that lot. In addition, the Heitzes own a small strip of Lot 8; that strip abuts Lot 9 and serves as part of their driveway.

Michael J. Moorehead and Randa L. Moorehead developed the Crown Pointe subdivision. While the Mooreheads still owned both Lot 8 and Lot 9, they built the two houses now situated on those lots and installed sewer lines for each house. First, the Mooreheads ran a sewer line from the house on Lot 8 (now the Kunkels' home) to a septic tank nearby. Later, they ran a second sewer line from the house on Lot 9 (now the Heitzes' home) and connected that second line to the first. The second line crosses what is now the Kunkels' property and is connected to the first line next to the Kunkels' house.

After the Kunkels and the Heitzes bought their respective homes and property, a disagreement arose concerning the Heitzes' right to use the septic tank and to have their sewer line on the Kunkels' property. When Appellant threatened to cut that sewer line, the Heitzes sought and received a temporary restraining order (TRO). They also sought preliminary and permanent injunctions to keep Appellant from interfering with their use of the sewer line. Before the injunction issues were decided, however, Appellant cut and blocked off the Heitzes' sewer line.

In response, the Heitzes filed an amended petition. They sought a second TRO, preliminary and permanent injunctions, a money judgment for damages, and an order declaring that they have an easement for the sewer line across Appellant's property and for use of the septic tank. The trial court issued the second TRO and preliminarily enjoined Appellant from interfering with the Heitzes' use of the sewer line and septic tank. Later, the court made the injunction against Appellant permanent, entered a judgment against him for $7,202, and declared that the Heitzes have both an express and an implied easement for the sewer line and use of the septic tank.

■ On appeal, Appellant raises three points. First, he challenges the trial court's finding that the Heitzes have an express easement. Second, he challenges the court's finding that the Heitzes have an implied easement. Finally, he contends that the court erred in failing to join his wife, Sharon, as an indispensable party to this action and that, as a result, the court lacked jurisdiction to enter a judgment involving title to real estate.

We find that Appellant's third point has merit. Therefore, we need not consider the other two points.

■ A party must first be found necessary to a lawsuit before we consider whether that party is indispensable. *Vanderson v. Vanderson*, 668 S.W.2d 167, 170 (Mo.App.1984). A person is a necessary party if that person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may, as a practical matter, impair or impede the person's ability to protect that interest. *Bunker R–III School Dist. v. Hodge*, 666 S.W.2d 20, 23 (Mo.App.1984); Rule 52.04(a).[1] If such a person has not been joined, the trial

---

**1.** Rule references are to Missouri Rules of Court (1994).

court must order that the person be made a party. Rule 52.04(a).

Sharon is a necessary party to this action. Except for the small strip of Lot 8 owned by the Heitzes, she and Appellant own all of that lot as tenants by the entirety. This was established at trial when Appellant introduced into evidence a warranty deed conveying title to that property to "Charles J. Kunkel, III and Sharon K. Kunkel, Husband and Wife." The trial court took note of this warranty deed by finding that "[Appellant] *is one of the owners* of part of Lot 8 as shown in Warranty Deed recorded in Book 340, Page 222." (Emphasis added.)

Under these circumstances, the case of *Brentmoor Place Residents Ass'n v. Warren*, 774 S.W.2d 877 (Mo.App.1989), provides useful guidance. In *Brentmoor*, a homeowners' association filed suit for injunctive relief against Ray F. Warren, seeking removal of certain structures from a lot Warren owned. The trial court granted the requested relief. On appeal, Warren claimed that he and his wife owned the lot as tenants by the entirety and pointed out that his wife had not been joined in the action. The reviewing court held that, if Warren and his wife were in fact tenants by the entirety, the wife would be a necessary party and must be joined if feasible. *Id.* at 879.

Because on appeal there was insufficient record evidence supporting Warren's contention, the appeals court in *Brentmoor* remanded the cause and instructed the trial court to determine whether Warren and his wife indeed owned the lot as tenants by the entirety. *Id.* Here, the only evidence before the trial court revealed that Appellant and Sharon owned the property in question as tenants by the entirety. Therefore, Sharon is a necessary party.

Appellant argues that his wife is not merely a necessary party, however, but is indispensable. The basis for this argument is that the instant case involves the existence or validity of an easement (which was not an issue in *Brentmoor*) and thereby affects title to the property. We agree.

As part of the Heitzes' amended petition, they requested an order by the trial court "declaring that Plaintiffs have an easement and right for the use of said waste water treatment plant and an easement and right to locate, maintain, repair and use their sewer line over and across Lot 8 of Crown Pointe." Given the facts of this case, making such a request was warranted, but by doing so the Heitzes made the existence of the alleged easement more than an incidental or collateral matter. *Cf. Frye v. Shuman*, 806 S.W.2d 157, 159 (Mo.App.1991). They made it a central question.

Accordingly, "where the establishment or cancellation of an easement is in issue, and the existence or validity of the easement is adjudicated, title to real estate is directly involved in the jurisdictional sense, for the free and unlimited fee interest of one party is directly affected." *United Realty Co. v. Outlaw*, 472 S.W.2d 378, 381 (Mo.1971). Moreover, "[w]hen title to real estate is in question, all claimants of record title are indispensable parties." *Neal v. Drennan*, 640 S.W.2d 132, 137 (Mo.App.1982), *citing Polette v. Williams*, 456 S.W.2d 328 (Mo.1970).

The Heitzes contend that, in testimony and pleadings below, Appellant presented himself as the sole owner of the house on Lot 8 and the surrounding property. Because of this, they argue, Appellant cannot claim on appeal that his wife should have been joined as a party. We disagree.

■ First, we do not accept the Heitzes' contention that Appellant presented himself as the sole owner of the property in question. In addition, objections regarding failure to join an indispensable party are jurisdictional and may be raised at any time, even for the first time on appeal. Rule 55.27(g)(2); *Cunningham v. Burke*, 705 S.W.2d 120, 122 (Mo. App.1986). In fact, failure to join an indispensable party is so fundamental and jurisdictional that we must consider it even if none of the parties raises the issue. *Drennan*, 640 S.W.2d at 136.

Moreover, if we were to adopt the Heitzes' position, Sharon would later be able to relitigate the question of the existence of the Heitzes' easement over Lot 8. *See Spellerberg v. Huhn*, 672 S.W.2d 728, 729 (Mo.App. 1984). This "would defeat the very purpose

of the joinder rule seeking to avoid the unnecessary relitigation of issues." *Id.; see also Drennan,* 640 S.W.2d at 136–37.

Because of the failure to join an indispensable party the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

PARRISH, C.J., and SHRUM, J., concur.