Virginia B. FEINBERG and Adolph
K. Feinberg Hotel Trust, et al.,
Respondents,

v.

Daniel B. FEINBERG and John
J. Feinberg, Appellants.

No. 67758.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 25, 1996.

Mark D. Hirschfeld, Clayton, for appellants.

Gary M. Siegel, Wittner, Poger, Rosenblum & Spewak, Clayton, for respondents.

AHRENS, Judge.

Defendants Dan and John Feinberg appeal four charging orders entered against them, two charging orders against Dan and two against John, and in favor of plaintiffs Virginia Feinberg and the Adolph K. Feinberg Hotel Trust ("Hotel Trust"). Defendants raise three points on appeal. The first point contends the trial court exceeded its jurisdiction by appointing a receiver over the partnership interests of Dan and John even though this remedy was not pleaded or prayed for. The second point asserts the trial judge erroneously took judicial notice of his recollections from a prior trial. The third point alleges: (a) the trial court exceeded its jurisdiction by setting aside Dan's transfer of his partnership interests even though this remedy was not pleaded or prayed for; (b) the trial court erroneously determined these transfers were fraudulent because the issue of fraud was not raised in plaintiffs' pleadings; and (c) the trial court erred in finding Dan's transfer fraudulent because no evidence was presented regarding Dan's insolvency, a required element of a finding of fraud under § 428.029. We affirm the two charging orders issued against John. We reverse and remand the two charging orders issued against Dan.

Review of this judge-tried case is governed by Rule 73.01[1] and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32. We give due regard to the trial court's opportunity to have judged the credibility of the witnesses. Rule 73.01(c)(2). Further, we view the evidence and the concomitant inferences in a manner favorable to the prevailing party while disregarding all contradictory evidence. *American States Insurance Co. v. P.R. Developers, Inc.*, 876 S.W.2d 12, 14 (Mo.App. 1994).

The evidence adduced, when viewed in the light most favorable to the order, reveals the following: On November 7, 1991, Virginia filed suit against defendants as co-trustees of the Hotel Trust ("Hotel Trust case")[2]. She alleged that defendants violated their fiduciary duties as defined in the trust agreement. After hearing all the evidence, the court, on July 7, 1994, entered judgment in favor of Virginia, removed defendants as co-trustees, and ordered defendants to repay the Hotel Trust for funds which were improvidently removed plus interest and attorney fees. In an attempt to execute upon this judgment, plaintiffs, pursuant to § 358.280[3], filed four applications for a charging order against the partnership interests of defendants. The pleadings in all four applications simply stated that a money judgment had previously been entered against defendants, this judgment remained unpaid, and defendants were partners in several named partnerships. The prayers for relief in these applications only sought a charging order and costs. Plaintiffs did not expressly pray for the appointment of a receiver or for the setting aside of Dan's transfer of part of his partnership interests to his wife, Susan Feinberg.

---

1. Unless otherwise noted, Rule references are to Missouri Rules of Civil Procedure (1996).

2. For a more detailed presentation of the facts in the Hotel Trust case, see *Feinberg v. Feinberg*, 922 S.W.2d 21 (Mo.App. 1996).

3. Unless otherwise indicated, all statutory citations herein reference RSMo, 1994.

The subsequent evidentiary hearing was presided over by the Honorable Robert Campbell, the same judge who had presided over the underlying Hotel Trust case. As part of the subsequent evidentiary hearing, the court took judicial notice of the records and files from the Hotel Trust case in which John testified that he owned interest in two partnerships—Whitley Properties and Metropol Partners—and Dan testified that he owned interest in four partnerships—HBC Venture, Clarissa Court Partners, Conway Mason Partners, and Swan Property Partners. The court also heard testimony from several witnesses who testified that on or about June 22, 1994, Dan transferred all of his individual interests in these four partnerships to himself and his wife as co-owners. No testimony addressed the type of co-tenancy created by these transfers. After the hearing, the court found that Dan's attempted transfers were fraudulent, that he owned a chargeable interest in four partnerships, and that John owned a chargeable interest in two partnerships. The court set aside Dan's attempted transfer of his partnership interests; charged defendants' partnership interests with payment of the unsatisfied Hotel Trust judgment debt; enjoined defendants from transferring or encumbering these interests; and appointed a receiver to keep, preserve, and protect these partnership interests pending their sale. Defendants appealed in a timely manner.

In their first point on appeal, defendants argue the trial court exceeded its jurisdiction when it appointed a receiver over John and Dan's partnership interests, thereby granting a remedy which was not requested in plaintiffs' applications for charging orders. To substantiate their argument, defendants quote from one of our prior opinions: "Courts have no power to render judgment until their action is called into exercise by pleadings, and any relief granted beyond that which is called for by the pleadings is void." *Poole v. Poole*, 287 S.W.2d 372, 374 (Mo.App. 1956).

■■■ A close reading of *Poole* and its progeny reveals that while Missouri courts are restrained from deciding an unpleaded factual issue, a court of equity can grant any relief warranted by pleaded issues whether or not it was specifically included in the prayer for relief. *D.D. Cox v. Bryant*, 347 S.W.2d 861, 863 (Mo.1961); *Rouse Co. of Missouri v. Justin's, Inc.*, 883 S.W.2d 525, 528–529 (Mo.App.1994); *Stafford v. McCarthy*, 825 S.W.2d 650, 658 (Mo.App.1992). Under our contemporary form of pleading, the prayer is not part of the petition. *Rouse*, 883 S.W.2d at 529. Therefore, we hold that the trial court can grant relief absent an express prayer when such relief is fully supported by facts which were either pleaded or tried by consent. Here, sufficient facts were pleaded and sufficient evidence was presented to support the appointment of a receiver under § 358.280.

Defendants contend that this general rule does not apply to the unrequested remedy of appointment of a receiver. They cite *State ex rel Chemical Dynamics v. Luten*, 581 S.W.2d 921 (Mo.App.1979) in which the trial court was reversed after appointing a unrequested receiver. *Luten* is distinguishable. There the trial court, responding to a post-trial motion, was amending its order when it granted the unrequested remedy. *Luten*, 581 S.W.2d at 922–23. In holding that the trial court exceeded its jurisdiction, the *Luten* court expressly stated that relief granted more than 30 days after entry of judgment is "confined to the range of remedies suggested by the parties in their post trial motions." *Id.* In the instant case, the trial court appointed a receiver as part of its original order, not as part of an amended order. *Luten* is inapplicable here. Point one is denied.

In their second point, defendants assert the trial judge erred in taking judicial notice of his recollections of testimony given in the Hotel Trust case. We disagree.

Defendant admits that in Missouri a court may take judicial notice of records, files, and transcripts from prior proceedings which were between the same parties, were concerned with the same basic facts, and were adjudicated by the same judge. *In the Interest of C.M.W.*, 813 S.W.2d 331, 333 (Mo.App. 1991); *Hoekstra v. Jenkins*, 730 S.W.2d 263, 267 (Mo.App.1987). Defendant complains, however, that this well recognized rule does

not permit a court to take judicial notice of its recollections of untranscribed testimony.

■ During the hearing, the trial judge specifically limited his judicial notice to "the records of the trial court in this case." (Tr. 18) Defendants do not contend that the trial court's findings deviate in any way from the previously transcribed testimony. Point denied.

■ Before addressing defendants' third point relied on which contests the trial court's setting aside of Dan's transfer of his partnership interests, we must consider an unappealed issue—the failure to join Susan Feinberg as a party to this action under the mandatory joinder rule. *See* Rule 52.04. She is not now, and never has been, a party. Defendants did not raise any issue about the absence of Susan in the trial court or upon appeal nor did the trial court raise the issue on its own accord. Nonetheless, failure to join a necessary party is so fundamental and jurisdictional that we must consider the issue *sua sponte. Heitz v. Kunkel*, 879 S.W.2d 770, 772 (Mo.App.1994); *Bunker R–III School District v. J.D. Hodge*, 666 S.W.2d 20, 23 (Mo.App.1984).

■ In granting plaintiffs' charging orders against Dan, the trial court found that Dan's attempted transfer of his partnership interests was fraudulent and ordered the attempted transfer set aside. As previously mentioned, these transfers created a cotenancy of an unspecified variety between Dan and his wife, Susan. Although we do not decide the variety of co-tenancy created, we do realize that joint ownership of property, real or personal, by spouses raises a presumption of tenancy by the entirety. *Matter of Parkhurst*, 821 S.W.2d 575, 576 fn. 2 (Mo.App. 1992).

■ If a tenancy by the entirety was created, then a single entity, consisting of the marital union, owned the property now subject to two charging orders and each spouse had an interest in the use and enjoyment of the whole. *Brentmoor Place Residents Ass'n v. Warren*, 774 S.W.2d 877, 879 (Mo. App.1989). This interest is "such a direct claim upon the subject matter" of the instant charging orders that each spouse will "gain or lose by direct operation of the judgment to be rendered." *Id.* Consequently, under Rule 52.04(a)(2)(i), disposition of the action in Susan's absence may "as a practical matter impair or impede [her] ability to protect that interest." *Id.*

We hold that Susan is a necessary party. As such, we must reverse the trial court's order charging Dan's partnership interests and remand the case to join Susan as a party-defendant if feasible. *Id.; Bunker*, 666 S.W.2d at 24. While the record does not indicate any impediment to her joinder, we leave it to the trial court to determine the feasibility of joinder. *Bunker*, 666 S.W.2d at 23–24. If joinder is not feasible, then the trial court must determine whether Susan is an indispensable party and proceed with the case or dismiss it accordingly. Rule 52.04(b); *Bunker*, 666 S.W.2d at 24. Thereafter, the trial court may permit plaintiffs to amend their petitions and shall permit whatever additional evidence is necessary and appropriate in accordance with this decision. *Claas v. Miller*, 806 S.W.2d 141, 145 (Mo.App.1991).

Affirmed in part and reversed and remanded in part.

CRANE, C.J., and HAROLD L. LOWENSTEIN, Special Judge, concur.